**WO** RP

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mark Parker, ) No. CV 09-663-PHX-GMS (ECV)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Joseph M. Arpaio, et al., )
)
    Defendants. )
)

    Pending before the Court in this closed case are Plaintiff's "Motion To Alter O[r] Amend The Judgment" (Doc. #17) and "Motion For Court Order Legal Materials And 10 Hours A Week Of Access To Legal Reference Law Library" (Doc. #18). The Court will deny both Motions.

**I.    Procedural Background**

    On March 30, 2009, Plaintiff Mark Parker, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint (Doc. #1). Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3).

    By Order filed April 13, 2009, the Court denied the Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the Central Office of the Arizona Department of Corrections (ADOC). On May 12, 2009,

Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #5), which included a "Certified Statement Of Account" from the ADOC's Central Office.

By Order filed November 3, 2009 (Doc. #7), the Court granted Plaintiff's new Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee, and dismissed the Complaint for failure to state a claim upon which relief may be granted, with leave to amend. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint.

On December 4, 2009, Plaintiff filed a "Motion For Exten[s]ion Of Time To File Amended Complaint" (Doc. #9), in which he requested a 90-day extension of time to file his first amended complaint.

In support of his Motion, Plaintiff stated that he did not receive the Court's Order (Doc. #7) until approximately November 16, 2009, and that since that date he had not had access to the Law Library because of Library closures and "yard lockdowns." Plaintiff further stated that he was subject to a "seizure of legal books and is in the grievance process for getting them back." By Order filed December 14, 2009 (Doc. #10), the Court granted Plaintiff's Motion in part to the extent that Plaintiff was given 45 days from the filing date of the Order to file a first amended complaint, and denied in part as to all other relief requested. When Plaintiff failed to file an amended complaint within 45 days, the Clerk of Court entered a judgment of dismissal (Doc. #13) of this action on February 16, 2010.

On February 16, 2010, Plaintiff filed a pleading entitled "For Continuance of Time to File Amended Complaint" (Doc. #14), which the Court construed as a Motion. In his Motion, Plaintiff requested that the Court grant him a 60-day continuance of time to file an amended complaint. By Order filed February 24, 2010, the Court denied Plaintiff's Motion and noted that in the Court's December 14, 2009 Order (Doc. #10), the Court specifically informed Plaintiff that "**[n]o further extensions of time will be given**." Moreover, the Court's Order was more than generous in giving Plaintiff 45 extra days to file his amended

complaint.[1] By the time that the Clerk of Court entered the judgment of dismissal in this action, over 100 days had passed since the Court first granted Plaintiff leave to amend in its November 3, 2009 Order (Doc. #7).

**II.     Motion to Amend or Alter Judgment**

On March 15, 2010, Plaintiff filed a "Motion To Alter O[r] Amend The Judgment" (Doc. #17), in which he requests pursuant to "Rule 59(A)1 and 59(C)4" that the Court reopen this case so that he can file an amended complaint. In support of his Motion, Plaintiff states that "prison officials have been blocking the preparation and filing of [his] amended complaint by moving Plaintiff from one prison to another - four times, taking away legal research material, confiscat[ing] legal books, [and] den[ying] access to [a] law reference library" and that the "paralegal refused assistance[] and denied legal material." Plaintiff's allegations in his Motion are essentially the same as those he previously presented to that Court in his pleading entitled "For Continuance of Time to File Amended Complaint" (Doc. #14).

Because Plaintiff's Motion calls into question the correctness of the underlying judgment, the Court will treat the Motion as being brought under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, after having considered the foregoing standards, and liberally reviewing the record in this case and Plaintiff's Motion, the Court declines to reverse itself and set aside the Judgment in this case. Accordingly, Plaintiff's Motion will be denied.

**III.    Motion for Court Order**

On March 15, 2010, Plaintiff also filed a "Motion For Court Order Legal Materials

---

[1]The Court normally only grants a 30-day extension of time for inmates to file an amended complaint.

- 3 -

And 10 Hours A Week Of Access To Legal Reference Law Library" (Doc. #18), which the Court will deny as moot in light of the denial of Plaintiff's "Motion To Alter O[r] Amend The Judgment" (Doc. #17).

**IT IS ORDERED:**

(1) Plaintiff's "Motion To Alter O[r] Amend The Judgment" (Doc. #17), which the Court **construes** as being brought under Rule 59(e) of the Federal Rules of Civil Procedure, is **denied**.

(2) Plaintiff's "Motion For Court Order Legal Materials And 10 Hours A Week Of Access To Legal Reference Law Library" (Doc. #18) is **denied as moot**.

(3) This case must **remain closed**.

DATED this 11th day of May, 2010.

_____
G. Murray Snow
United States District Judge